**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DIAZ,<br><br>       Plaintiff,<br><br>   v.<br><br>VALERO OIL REFINERY, BROCK SCAFFOLDING COMPANY,<br><br>       Defendants.<br>_____/ | No. C 05-4836 CRB<br><br>**ORDER TO SHOW CAUSE** |

    Plaintiff filed a complaint in state court alleging several causes of action borne out of a fall he endured from scaffolding which resulted in personal injury. Now pending before the Court is defendants' Notice of Removal based on diversity jurisdiction. See 28 U.S.C. § 1441(b)

    A district court may sua sponte raise the issue of subject matter jurisdiction. See Galt G/S v. Hapag-Lloyd AG, 60 F.3d 1370, 1373 (9th Cir. 1995). As the party invoking the court's diversity jurisdiction, a removing defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. See Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). If it is unclear from the complaint what amount of damages plaintiff seeks, "the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); see also Valdez v. Allstate Ins. Co.,

372 F.3d 1115 (9th Cir. 2004) (stating that the removing defendant needs to "provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount.") (internal quotations and citations omitted).  A defendant must set forth in the removal petition itself the underlying facts supporting its assertion that the amount in controversy is met.  See Gaus, 980 F.2d at 566.  "Where doubt regarding the right to removal exists, a case should be remanded to state court."  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

      The Court is not satisfied that the amount in controversy has been met by a preponderance of the evidence.  In fact, defendant merely alleges that the matter in controversy exceeds $75,000 without providing additional evidence to support that assertion.  In addition, the Complaint itself only asserts that the action exceeds $25,000.  Such assertion, without more, is inadequate.

      Defendant has failed to meet its burden of proving the amount in controversy by a preponderance of the evidence.  Defendant is hereby instructed to file a submission demonstrating that the amount in controversy is met.  If defendant fails to make its submission by December 16, 2005, or the submission fails to meet the proper burden, the Court will remand the matter to state court.

**IT IS SO ORDERED.**

Dated: December 8, 2005

CHARLES  R. BREYER
UNITED STATES DISTRICT COURT